UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LUIS DELGADO

    Plaintiff,

v.

RILEA GROUP, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, LUIS DELGADO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, RILEA GROUP, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, LUIS DELGADO, is an adult, male resident of Miami-Dade County, Florida.
3. Defendant, RILEA GROUP, INC. is a Florida corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

## JURISDICTION AND VENUE

10. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

11. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

13. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

14. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or about November 10, 2009, Plaintiff became employed by Defendant as a maintenance handyman worker. Plaintiff's duties included maintaining apartments and preparing them for turnover.

16. Plaintiff has been diagnosed with common variable immunodeficiency.

17. Plaintiff has a disability within the meaning of 42 U.S.C. §12102. Plaintiff has common variable immunodeficiency which is an impairment that substantially limits one or more major life activities, including the functions of the immune system to defend against bacteria and viruses, which is a major bodily function. Plaintiff's common variable immunodeficiency affects Plaintiff's ears, sinus, and respiratory tract.

18. On or about January 25, 2019, Plaintiff underwent an open lymph node biopsy. As a result of the surgery, Plaintiff was off work until February 15, 2019.

19. Plaintiff notified his manager, Rodolfo Martinez, of his medical diagnosis.

20. Plaintiff returned to work on February 15, 2019 and notified his manager, Rodolfo Martinez of his work restrictions provided by Dr. Chousleb. Plaintiff's note included restrictions from lifting, pushing, or pulling items that weigh more than ten pounds.

21. Prior to February 15, 2019, Defendant sub-contracted painting and cleaning duties to Bonilla Company. Plaintiff had never previously done painting and cleaning work for Defendant.

22. On or about February 15, 2019, Mr. Martinez notified Plaintiff that Defendant no longer contracted Bonilla Company and that Plaintiff would now have to painting and cleaning work.

23. Plaintiff immediately explained to Mr. Martinez that he could not be exposed to chemicals, specifically Clorox, due to his medical condition, common variable immunodeficiency. Plaintiff requested not to work with chemicals.

24. On or about February 27, 2019, Plaintiff received a written warning from Defendant for failing to perform his cleaning and job duties.

25. Plaintiff objected to the warning and complained about the warning to Rodolfo Martinez. Plaintiff again reiterated that he could not work with chemicals because of his medical condition. Plaintiff refused to sign the warning.

26. Plaintiff was told by Mr. Martinez that Mr. Martinez would notify upper management, but Plaintiff never received a response.

27. On or about March 1, 2019, Plaintiff provided Mr. Martinez a medical note from Dr. Chousleb where the doctor indicated that Plaintiff could not be exposed to Clorox.

28. Defendant did not accommodate Plaintiff's work restrictions.

29. On or about March 16, 2019 Defendant terminated Plaintiff's employment.

30. Plaintiff was qualified for his position as a maintenance handyman worker. Plaintiff began working for Defendant in 2009 and never received a warning until February 27, 2019.

31. Plaintiff's medical condition does not affect his performance as a maintenance handyman worker.

32. After Plaintiff was terminated, Defendant once again contracted Bonilla Company to do cleaning and painting work.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

33. Plaintiff re-alleges and re-affirms Paragraphs 1-32 as is it is fully set forth herein.

34. Plaintiff is a member of a protected class under the ADA.

35. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

36. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

44. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

45. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

46. Defendant is a covered employer to which the ADA applies.

47. Defendant terminated and disqualified Plaintiff form employment because of Plaintiff's disability.

48. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable him to be employed by Defendant, as required under the ADA.

49. Defendant's termination and disqualification of Plaintiff on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

50. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

51. Plaintiff re-alleges and re-affirms Paragraphs 1-32 as is it is fully set forth herein.

52. Plaintiff is a member of a protected class under the ADA.

53. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

54. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

59. Plaintiff re-alleges and re-affirms Paragraphs 1-32 as is it is fully set forth herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

62. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

63. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

65. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

70. Plaintiff re-alleges and re-affirms Paragraphs 1-32 as is it is fully set forth herein.

71. Plaintiff is a member of a protected class under the FCRA

72. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA

73. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

74. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

75. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

76. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

77. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223